UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

**MEMORANDUM AND ORDER**
15-CR-483 (WFK)

EDUARDO CARLOS RODRIGUEZ,

Defendant.
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On March 28, 2016, Eduardo Carlos Rodrigues ("Defendant") pled guilty to one count of Passport Fraud. ECF No. 16 ("Guilty Plea"). The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c).

## BACKGROUND

On September 28, 2015, Defendant was charged by a five-count Indictment with Firearms Trafficking under 18 U.S.C. §§ 922(a)(1)(A), and 924(a)(1)(D) ("Count One"); Alien in Possession of a Firearm under 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2) ("Count Two"); Passport Fraud under 18 U.S.C. § 1543 ("Count Three"); Conspiracy to Transfer False Identification Documents under 18 U.S.C. §§ 1028(f), (b)(1)(A)(i), and (c)(i) ("Count Four"); and Conspiracy to Possess Cocaine with Intent to Distribute under 21 U.S.C. §§ 846 and 841(b)(1)(C) ("Count Five"). ECF No. 7 ("Indictment") at 1. On March 28, 2016, Defendant pled guilty to Count Three of the Indictment. See Guilty Plea at 1.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. When the District Court chooses to impose a sentence outside the Sentencing Guidelines range, the Court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The Court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

### II. Analysis

#### 1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born in Mexico on July 27, 1993. ECF No. 18 ("PSR") ¶ 46. When Defendant was eight, his family immigrated to Santa Ana, California, in the United States of America. *Id.* ¶ 48. Defendant's father abandoned his family when Defendant was ten years old, and Defendant was thereafter raised by his mother under poor economic conditions. *Id.*

Defendant attended John Bowne High School in Flushing, Queens through the 9th grade, at which point he was expelled due to excessive absences. *Id.* ¶ 64.

Defendant has a one-year old son, Nicolas Carpio, the product of a brief relationship with Jennifer Carpio. *Id.* ¶ 50; *see also* ECF No. 22 ("Def. Memo") at 3 n2. Defendant does not provide child support, and has only met his son twice because Ms. Carpio does not allow him visitation. *Id.* Defendant is currently in a relationship with Claudia Hernandez, who remains supportive. *Id.* ¶ 51.

Defendant reported to the Probation Department that he has been employed since the age of seventeen, working as, *inter alia*, a bar-back, dishwasher, pizza cook, and construction day laborer. *Id.* ¶¶ 69-70. Probation was unable to verify Defendant's employment, however, as Defendant could not provide contact information for his employers. *Id.*

Defendant has one conviction on his criminal record: in 2012, at age eighteen, Defendant was arrested in Queens and charged with "Criminal Possession of Marijuana in the Fifth Degree: In a Public Place," "False Personation," and "General Violation of Local Law." *Id.* ¶ 37. Defendant was convicted of False Personation and sentenced in Queens County Criminal Court to sixty days of custody on May 3, 2012. *Id.*

Defendant also has a pending charge in Queens County Criminal Court: on August 15, 2015, Defendant approached a man eating at "Que Kache Restaurant" in Queens, New York, and punched a victim in the face. *Id.* ¶ 42. Defendant's accomplice forcibly removed another victim's cell phone. *Id.* Defendant was arrested and charged with, *inter alia*, Robbery in the Second Degree, Assault in the Third Degree, Criminal Possession of a Controlled Substance in the Seventh Degree, and Criminal Possession of Stolen Property in the Fifth Degree. *Id.* A

bench warrant for Defendant's arrest, lodged against Defendant on October 10, 2015, is still active in that case. *Id.*

The Probation Department also notes that Defendant has failed to file income tax returns for every year that he earned enough to require filing, and that Immigration and Customs Enforcement has no record of Defendant legally entering the United States. *Id.* ¶¶ 40-41.

Defendant committed the instant offense as a member of the Sureno Gang, a criminal organization in Queens, New York. *Id.* ¶ 4. On November 14, 2014, an Immigration and Customs Enforcement, Homeland Security Investigations ("HIS") undercover agent approached an unknown male at the intersection of Roosevelt Avenue and 88th St. and asked to purchase fraudulent identification documents. *Id.* ¶ 5. The HSI agent was put in contact with a second unknown male, who eventually put the agent in contact with Defendant, who went by the alias "Taliban." *Id.* ¶ 6. On March 24, 2015, the HSI agent met with Defendant in Queens and purchased seven fraudulent identification documents for $400.00. *Id.* ¶ 7. Defendant also offered to sell the HSI agent cocaine at that time. *Id.*

On April 8, 2015, the HSI agent purchased one fraudulent permanent resident card, one fraudulent employment authorization document, and two fraudulent social security cards from Defendant. *Id.* ¶ 8. Defendant also sold the HSI agent three grams of cocaine for $300 at this meeting. *Id.*

On April 15, 2015, the Defendant provided a fraudulent United States passport to the HSI agent. *Id.* ¶ 9.

On June 1, 2015, Defendant set up a meeting between the HSI agent and his associate, who sold the agent seven more fraudulent identification documents for $380.00. *Id.* ¶ 10. The associate also sold the HSI agent 3.5 grams of cocaine for $400.00. *Id.*

On June 10, 2015, Defendant sold the HSI agent a nine-millimeter Hi-Point pistol with one magazine and four nine-millimeter bullets for $800. *Id.* ¶ 16.

On June 25, 2015, Defendant sold the HSI agent three more fraudulent identification cards and 5.5 grams of cocaine. *Id.* ¶ 11.

On September 1, 2015, Defendant sold the HSI agent a second Hi-Point pistol, this one with an obliterated serial number, one magazine and three nine-millimeter bullets. *Id.* ¶¶ 18-19. After the sale, Defendant threatened the HSI agent by stating the following: "If you fuck with me, then I will put you in check." *Id.*

Defendant was arrested by HSI agents and New York City Police Department officers on September 2, 2015. *Id.* ¶ 20. He was advised of, and waived, his *Miranda* rights and admitted to selling fraudulent documents. *Id.*

### 2. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

A serious sentence is imperative in this case. Defendant pled guilty to the sale of a fraudulent United States passport—one of the most valuable government identification documents in the world. By undermining the authority of the United States Secretary of State to determine who may and may not receive a passport, Defendant has not only broken United States federal law, but also undermined federal immigration policy. His crime is not victimless.

Individuals who might otherwise follow proper procedure to obtain a United States passport may stray from such procedure when tempted by the lure of a quick and easy forgery. A strict sentence is important to deter such conduct going forward.

Additionally, this Court will not turn a blind eye to the conduct surrounding the crime to which Defendant pled. Defendant worked with other members of the Sureno Gang to sell not just fraudulent passports and identification documents, but also cocaine and firearms. Defendant's willingness to engage in such dangerous and unlawful pursuits convinces this Court that he is a danger to the public, and a sentence of incarceration is necessary to protect the public from his further criminal conduct.

### 3. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3). Defendant pled guilty to Passport Fraud, which carries a maximum term of imprisonment of ten years, 18 U.S.C. § 1543, and a maximum supervised release period of three years, *see id.* § 3583(b)(2). In addition, because this count is a Class C Felony, Defendant is eligible for a probationary period of between one year and five years, with one or more of the following conditions: a fine, restitution, or community service. *See id.* §§ 3561(c)(1), 3563(a)(2). Defendant faces a maximum fine of $250,000.00, *see id.* § 3571(b), and a mandatory special assessment of $100.00, *see id.* § 3013. The Defendant must comply with the order of forfeiture entered on October 24, 2016. *See* ECF No. 20. Accordingly, the Court's sentence falls within the kinds of sentences available to Defendant.

### 4. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" 18 U.S.C. § 3553(a)(4)(A).

Defendant has a base offense level of eleven pursuant to the United States Sentencing Guidelines § 2L2.1(a), which concerns the sale of fraudulent citizenship documents. U.S. Sentencing Guidelines Manual § 2L2.1(a) (U.S. Sentencing Comm'n 2015) ("U.S.S.G."). Because the offense involved the sale of more than six, but fewer than twenty-four fraudulent documents, three offense levels are added. *Id.* § 2L2.1(b)(2)(A). One of the fraudulent documents was a United States passport, adding four additional offense levels. *Id.* § 2L2.1(b)(5). Because Defendant demonstrated acceptance of responsibility and the Government intends to make a motion stating it was notified in a timely manner of Defendant's intention to enter a plea of guilty, the Guidelines permit a decrease of three offense levels. *Id.* § 3E1.1.

Taking these adjustments into account, Defendant's adjusted offense level is fifteen. With a criminal history category of II,[1] Defendant's guidelines sentencing range is between twenty-one and twenty-seven months of incarceration. See U.S. Sentencing Guidelines Manual Sentencing Table (U.S. Sentencing Comm'n 2015). Defendant is eligible for a supervised release term of one to three years, *see id.* § 5D1.2(a)(2), and is ineligible for probation, *id.* § 5B1.1(a). The guidelines suggest a fine between $4,000.00 and $40,000.00. Id. § 5E1.2(c)(3).

---

[1] The Court concurs with the Probation Department and finds that Defendant's May 3, 2012 "Youthful Offender" conviction merits two criminal history points, as Defendant was sentenced to sixty days of confinement and was released from such confinement within five years of the commencement of the instant offense. *See* U.S.S.G. § 4A1.2(d)(2)(A)

## 5. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission[.]" 18 U.S.C. § 3553(a)(5).

Policy Statement § 5K2.21 provides that the Court may depart upwardly to reflect the actual seriousness of the offense based on conduct that did not enter into the determination of the applicable guideline range. U.S.S.G. § 5K2.21. In addition to the conduct used to calculate Defendant's guidelines range, Defendant also sold a total of twelve grams of cocaine to an undercover agent, as well as firearms with obliterated serial numbers. For this reason, Defendant's case warrants an upward variance from the advisory guidelines range.

## 6. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Defendant pled guilty to Passport Fraud, which carries a maximum imprisonment term of ten years of incarceration. *See* Guilty Plea at 1; 18 U.S.C. § 1543. Accordingly, a sentence of up to ten years imprisonment is not beyond the pale for Defendant's crime and avoids disparities with other federal sentences which recognize the severity of Defendant's crime.

## 7. The Need to Provide Restitution

Lastly, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is not applicable in Defendant's case, *see* 18 U.S.C. § 3663, although Defendant is required to comply with the Order of Forfeiture entered on October 24, 2016, *see* ECF No. 20.

## CONCLUSION

A sentence of twenty-seven months of incarceration, to be followed by five years of supervised release, with the $100.00 mandatory special assessment, is sufficient but no greater than necessary to accomplish the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and imposes the special conditions of release proposed by the Probation Department.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 14, 2016
   Brooklyn, New York